UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ERGESHBAI RAKHMANOV,

Petitioner,

v.

JEREMY CASEY, Warden, Imperial Regional Detention Facility, et al.,

Respondents.

Case No.: 26cv5408-LL-DDL

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

[ECF No. 1]

Presently before the Court is Petitioner Ergeshbai Rakhmanov's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. ECF No. 1 ("Pet."). Respondents filed a Return [ECF No. 4], and Petitioner filed a Reply [ECF No. 5]. For the reasons set forth below, the Court **GRANTS** the Petition.

## I. BACKGROUND

Petitioner is a citizen of the Kyrgyz Republic who was inspected and admitted to the United States on June 23, 2020 on a B-2 visa which expired on December 22, 2020. Pet. ¶¶ 9, 13. Petitioner submitted an application for asylum within one year of admission and received notice that he could remain in the country until his asylum application was decided. *Id.* ¶ 14; ECF No. 1-2 at 4. The government has approved employment authorization for Petitioner through July 15, 2027. Pet. ¶ 15; ECF No. 1-2 at 8.

On July 29, 2026, Petitioner attended a government-scheduled interview for his asylum application in Newark, New Jersey, and at the end, Petitioner alleges he was taken into custody by Immigration and Customs Enforcement officers without prior notice or a prior arrest warrant. Pet. ¶¶ 21–22, 24; ECF No. 1-2 at 27. On September 2, 2026, an immigration judge denied bond. Pet. ¶ 27. Petitioner is currently detained at Imperial Regional Detention Facility. *Id.* ¶ 8.

On September 21, 2026, Petitioner filed the instant Petition. Pet.

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and [] the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A district court may grant a writ of habeas corpus to a petitioner who demonstrates he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c); *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'").

## III. DISCUSSION

Petitioner claims that his arrest was unlawful and violates due process because ICE failed to issue a warrant before arresting him as required by 8 U.S.C. § 1226(a) and failed to satisfy the requirements of 8 U.S.C. § 1357(a)(2), which permits a warrantless arrest when an officer "has reason to believe both that the person is in violation of immigration law and that the person is likely to escape before a warrant can be obtained." Pet. ¶¶ 37–49. Respondents argue that Petitioner is "lawfully detained under 8 U.S.C. § 1226(a)" and that he was properly served with an administrative warrant on July 30, 2026

/ / /

pursuant to 8 U.S.C. § 1357(a)(2) and 8 C.F.R. § 287.3(d). ECF No. 4 at 4; ECF No. 4-1 at 2–4, 6, 8–10.

Respondents also contend that Petitioner must exhaust his administrative remedies before an immigration judge and the Board of Immigration Appeals before seeking relief before this Court. *Id.* at 3. Petitioner disagrees. ECF No. 5 at 6–8.

**A. Exhaustion**

There is no statutory requirement under 28 U.S.C. § 2241 to exhaust administrative remedies before filing a petition for a writ of habeas corpus. *See Acevedo-Carranza v. Ashcroft*, 371 F.3d 539, 541 (9th Cir. 2004) (citation omitted). But the Ninth Circuit requires "as a prudential matter, that habeas petitioners exhaust available judicial . . . remedies before seeking relief under § 2241." *Id.* (alteration in original) (citation omitted). A court has discretion to waive a prudential exhaustion requirement. *Id.* Such exceptions include situations "where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (citation omitted). A petitioner seeking to waive the prudential exhaustion requirement must show that at least one of the *Laing* factors applies. *See Ortega-Rangel v. Sessions*, 313 F. Supp. 3d 993, 1003 (N.D. Cal. 2018).

The Court finds that Petitioner has met his burden to show that pursuit of administrative remedies would not provide him with an adequate or effective means of obtaining the relief he seeks, which is release due to his allegedly unlawful arrest. In a bond hearing under 8 U.S.C. § 1226(a), an immigration judge's ("IJ") scope is limited to determining a noncitizen's danger to the community or risk of flight. *See Avilez v. Garland*, 69 F.4th 525, 530 (9th Cir. 2023) ("Under Subsection A—the default detention provision—a noncitizen is entitled to a bond hearing at which the IJ considers whether the noncitizen is a flight risk or a danger to the community." (citations omitted)); *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention."); 8 C.F.R. §§ 236.1(d)(1),

1003.19, 1236.1(d)(1). Here, Petitioner challenges the statutory authority for his arrest and detention based on the Immigration and Nationality Act's ("INA") warrant requirement. *See generally* Pet. "A post-hoc bond hearing where the [IJ] would only consider [a petitioner's] potential flight risk or danger to the community would not cure the harm alleged here—i.e., arrest and detention without a warrant." *Barrientos v. Moss*, No. 1:26-CV-05943-NW, 2026 WL 2283034, at *2 (E.D. Cal. Aug. 7, 2026). Accordingly, the Court waives prudential exhaustion and turns to the merits of the Petition.

**B. Warrantless Arrest Under 8 U.S.C. § 1226(a)**

As a threshold matter, it is undisputed that Petitioner is subject to the discretionary detention procedures of 8 U.S.C. § 1226(a) because he is a noncitizen "present without admission who [was] apprehended in the interior of the United States[.]" *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026). Accordingly, the Court turns to Petitioner's contention that his arrest without a warrant was unlawful.

Section 1226(a) provides, "*On a warrant* issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a) (emphasis added). Section 1357 permits immigration authorities to arrest a noncitizen without a warrant under specific situations:

> Any officer or employee of the Service authorized under regulations prescribed by the Attorney General shall have power *without warrant* . . . to arrest any alien who in his presence or view is entering or attempting to enter the United States in violation of any law or regulation made in pursuance of law regulating the admission, exclusion, expulsion, or removal of aliens, *or* to arrest any alien in the United States, *if* he has *reason to believe* that the alien so arrested is in the United States in violation of any such law or regulation *and* is likely to escape before a warrant can be obtained for his arrest, but the alien arrested shall be taken without unnecessary delay for examination before an officer of the Service having authority to examine aliens as to their right to enter or remain in the United States[.]

8 U.S.C. § 1357(a)(2) (emphasis added). "The 'reason to believe' requirement is the equivalent of 'the constitutional requirement of probable cause.'" *M-J-M-A- v. Hermosillo*, 822 F. Supp. 3d 1147, 1172 (D. Or. 2026) (quoting *Tejeda-Mata v. Immigr. Naturalization*

*Serv.*, 626 F.2d 721, 725 (9th Cir. 1980)). The corresponding implementing regulation is 8 C.F.R. § 287.8, which further demands "[a] warrant of arrest shall be obtained except when the designated immigration officer has reason to believe that the person is likely to escape before a warrant can be obtained." 8 C.F.R. § 287.8(c)(2)(ii). The regulation also provides that "[w]ith respect to an alien arrested and administratively charged with being in the United States in violation of law, the arresting officer *shall* adhere to the procedures set forth in 8 CFR 287.3 *if the arrest is made without a warrant*." 8 C.F.R. § 287.8(c)(2)(iv) (emphasis added).

Following a warrantless arrest, 8 C.F.R. § 287.3(a) provides that "[a]n alien arrested without a warrant of arrest under the authority contained in section 287(a)(2) of the Act will be examined by an officer other than the arresting officer." 8 C.F.R. § 287.3(a). Section 287(a)(2) of the INA is codified as 8 U.S.C. § 1357(a)(2). Upon arresting a noncitizen without a warrant:

> [A] determination will be made *within 48 hours of the arrest*, except in the event of an emergency or other extraordinary circumstance in which case a determination will be made within an additional reasonable period of time, whether the alien will be continued in custody or released on bond or recognizance and whether a notice to appear and warrant of arrest as prescribed in 8 CFR parts 236 and 239 will be issued.

8 C.F.R. § 287.3(d) (emphasis added). Thus, when an immigration officer conducts a warrantless arrest "under the authority contained in section 287(a)(2) of the Act," he or she then has forty-eight hours—with some exceptions—to determine whether the noncitizen is going to be released or detained. *Id.*

Several district courts in the Ninth Circuit have found that a warrant issued within the forty-eight-hour window does not cure an *unlawful* warrantless arrest—i.e., a warrantless arrest made without adhering to 8 U.S.C. § 1357(a)(2). *See Diaz Escalante*, 2026 WL 2364792, at *4 (finding that—despite an administrative warrant issued the same day as the petitioner's arrest—there was "ample evidence to support the inference that [the petitioner] was not likely to escape before a warrant could be obtained"); *Castro Chivalan v. LaRose*, No. 26-CV-04258-LEK-SBC, 2026 WL 2546609, at *5 (S.D. Cal. Aug. 27,

2026) (same); *see also M-J-M-A v. Hermosillo*, 822 F. Supp. 3d 1147, 1179 (D. Or. 2026) (concluding that "an arrest must be based on information known to the officers *at the time of the arrest* and particular to the person to be arrested." (emphasis added)); *Martinez Alaniz v. Slaughter*, No. CV-26-280-GF-BMM, 2026 WL 3091261, at *3 (D. Mont. Oct. 7, 2026) ("'[A] custody determination must ordinarily be made within 48 hours, accompanied by a notice to appear, and in the case of continued custody a warrant will be issued *post hoc*,' when arrests properly are made without a warrant based on an authorized officers' perception of likely escape." (quoting *Makuiza v. Wesling*, 826 F. Supp. 176, 180 (D. Me. 2026))).

This Court agrees with the reasoning in *M-J-M-A*, *Diaz Escalante*, and *Castro Chivalan*.[1] Section 1357(a)(2) requires both that the arresting immigration officer have "reason to believe" that the noncitizen is (1) unlawfully present in the United States, *and* (2) likely to escape *before* a warrant can be obtained. 8 U.S.C. § 1357(a)(2) (emphasis added); *Mountain High Knitting, Inc. v. Reno*, 51 F.3d 216, 218 (9th Cir. 1995) ("Section 1357(a)(2) requires that the arresting officers reasonably believe that the alien is in the country illegally *and* that [the noncitizen] 'is likely to escape before a warrant can be obtained for [his or her] arrest.'" (emphasis in original)); *M-J-M-A*, 822 F. Supp. 3d at 1172 ("Together, these standards mean that an immigration officer can know for *certain* that someone is present in violation of immigration laws, and *still* does not have authority to

---

[1] The Court recognizes it has previously noted generally that "8 U.S.C. § 1357(a)(2) authorizes warrantless arrests and 8 C.F.R. § 287.3(d) provides the government forty-eight hours to issue a warrant if it determines that the noncitizen will remain in custody." *Villanueva Gonzalez v. Larose*, 26cv3180-LL-VET, 2026 WL 2076145, at *1 (S.D. Cal. July 17, 2026); *see also Garcia-Juarez v. Blanche*, No. 26cv3007-LL-DEB, ECF No. 18 at 3 (S.D. Cal. June 30, 2026) (same). However, in light of the Ninth Circuit's subsequent holding in *Rodriguez Vazquez*, which made clear that noncitizens arrested in the interior of the United States are subject to the procedures set forth in 8 U.S.C. § 1226(a), the Court disagrees that a post hoc warrant issued within forty-eight hours can cure a warrantless arrest that does not comply with 8 U.S.C. § 1357(a)(2).

arrest them without a warrant or an individualized probable cause determination that the individual is 'likely to escape before a warrant can be obtained.'" (emphasis in original) (quoting 8 C.F.R. § 287.8(c)(2)(ii))).

Assuming—without deciding—that the arresting officer had probable cause to believe Petitioner was unlawfully present in the United States, the record before the Court lacks any evidence that the arresting agents had any "reason to believe" Petitioner was "likely to escape" before an administrative warrant could be obtained. *See* 8 U.S.C. § 1357(a)(2). Respondents do not argue that Petitioner was a flight risk when he was first detained. Petitioner appeared, as directed, for an asylum interview. There is no indication of an attempt to escape such as by fleeing or hiding, for instance, or likelihood of escape. ECF No. 4-1 at 2–4. On the contrary, the Form I-213 indicates that Petitioner has an asylum application pending, employment authorization, and no criminal history. *Id.* Thus, the only basis for arresting Petitioner was Respondents' belief that he was unlawfully present in the United States. ECF No. 4-1 at 3 ("RAHKMANOV was identified as a citizen and national of Kyrgyzstan, who was unlawfully present in the United States."). However, the "belief that Petitioner was present in the United States unlawfully does not in and of itself result in an assumption that Petitioner was likely to escape before Respondents could obtain a warrant." *Diaz Escalante*, 2026 WL 2364792, at *4 (citing *A.B.D. v. Wamsley*, No. 25-CV-02014-AA, 2026 WL 178306, at *12 (D. Or. Jan. 22, 2026)). Therefore, Respondents' warrantless arrest of Petitioner did not satisfy the two statutory requirements under Section 1357(a)(2) and was unlawful.

Respondents attempt to justify the validity of Petitioner's warrantless arrest by pointing to the issuance of an administrative warrant on July 30, 2026 after Petitioner was apprehended and detained on July 29, 2026.[2] ECF No. 4-1 at 2–4, 6, 8–10. However, the

---

[2] Although Respondents state in one part of their Return that ICE agents detained and served a warrant on Petitioner on July 29, 2026 [ECF No. 4 at 2], they clarify elsewhere

Court finds that compliance with 8 C.F.R. § 287.3(d) within forty-eight hours following a noncitizen's arrest fails to effectively "cure" a prior warrantless arrest made in violation of Section 1357(a)(2). Section 287.3(a) provides that "[a]n alien arrested without a warrant of arrest under the authority contained in section 287(a)(2) of the Act will be examined by an officer other than the arresting officer." 8 C.F.R. § 287.3(a). Notably, "section 287(a)(2) of the Act" refers to 8 U.S.C. § 1357(a)(2)—the provision outlining exceptions to the warrant requirement. 8 C.F.R. § 287.3(a); 8 U.S.C. § 1357(a)(2). Thus, when an immigration officer conducts a warrantless arrest "under the authority contained in [section 1357(a)(2)]," he or she has forty-eight hours—with some exceptions—to determine whether the noncitizen is going to be released or detained." 8 C.F.R. §§ 287.3(a), (d). Read together, the arresting agent must first make a *lawful* warrantless arrest under Section 1357(a)(2) *and then* follow the procedures outlined in 8 C.F.R. § 287.3(a)–(d). *See Diaz Escalante*, 2026 WL 2364792, at *4 ("In any event, compliance with the procedural requirements under Section 287.3 says nothing about whether the preceding arrest itself complied with Section 1357(a)(2), and the regulation itself presumes a noncitizen's arrest is made consistent with the statute." (citation omitted)). Although Respondents issued a warrant the day after Petitioner's arrest, the initial arrest was unlawful and, thus, cannot be cured by a warrant after the fact. *See M-J-M-A*, 822 F. Supp. 3d at 1158 ("An arrest cannot be justified after the fact."); *Martinez Alaniz*, 2026 WL 3091261, at *3 ("This practice of after-the-fact arrest warrants can be called many things—illegal, improper, and unconstitutional, among them. But whatever label one wishes to apply, the practice is fundamentally at odds with and offensive to lawful, constitutional behavior in this country." (internal quotation marks and citation omitted)).

---

that Petitioner was apprehended and detained on July 29, 2026 and that an arrest warrant was executed and served on July 30, 2026. ECF No. 4 at 3, 4; *see also* ECF No. 4-1 at 2–4, 6.

Therefore, the Court finds that Petitioner's warrantless arrest violates 8 U.S.C. § 1357(a)(2) and, thus, does not justify his continued detention. Because providing Petitioner a bond hearing would not cure or remedy the violation of an unlawful warrantless arrest and detention Petitioner has already suffered as a result, the Court is persuaded that immediate release is the appropriate remedy. *See, e.g.*, *Diaz Escalante*, 2026 WL 2364792, at *4 (ordering immediate release); *Qu v. Janecha*, No. 5:26-CV-05419-CTS, 2026 WL 3034853, at *5 (C.D. Cal. Oct. 9, 2026) (same); *Mejia v. Warden*, No. ED CV 26-5705-E, 2026 WL 3019449, at *2 (C.D. Cal. Oct. 7, 2026) (same); *Pang v. Warden*, No. 26-CV-05047-LEK-JLB, 2026 WL 2925852, at *5 (S.D. Cal. Sep. 29, 2026) (same); *Gomez v. Wofford*, No. 1:26-CV-05299 (VC), 2026 WL 2065708, at *2–3 (E.D. Cal. July 16, 2026) (same).

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Petitioner's Petition for a Writ of Habeas Corpus and **ORDERS** that Respondents immediately release Petitioner from custody. The Clerk of Court shall enter judgment in Petitioner's favor and close this case.

**IT IS SO ORDERED**.

Dated: November 6, 2026

Honorable Linda Lopez
United States District Judge